### Case No. 4.175.

DUNN et al. v. DUNCAN et al.

[1 Law & Eq. Rep. 402; 2 Wkly. Notes Cas. 480.] [1]

Circuit Court, E. D. Pennsylvania. April 6, 1876.

[1] [Reprinted from 1 Law and Equity Reporter by permission. 2 Wkly. Notes Cas. 480, contains only a condensed report.]

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

This action had been begun in the court of common pleas, of Philadelphia county. 2 Wkly. Notes Cas. 81. The writ of foreign attachment was issued in September term, against W. B. Duncan, and W. Watts Sherman, trading as Duncan, Sherman & Co. It having afterwards ascertained, that one Francis H. Grain was, at the time of issuing the attachment, a partner in the defendant firm, the court, on the 11th of October, permitted an amendment adding his name to the writ, as of that date, without prejudice to the right of the garnishee and all others introducing interests. The case was subsequently removed to the district court for the eastern district of Pennsylvania. The defendants Duncan and Sherman appeared and pleaded. No appearance was entered by the defendant Grain. A motion was now made for an interlocutory judgment against the latter for default of an appearance, in accordance with the practice, explained in Willard v. Graham. 1 Wkly. Notes Cas. 241, and the act of assembly of Pennsylvania of June 13, 1836, § 53 (Purd. Dig. 719. pl. 13).

The questions were: 1. Whether Grain had had constructive notice of the suit by the amendment adding his name to the writ. 2. Whether the motion for judgment was premature, it being the third term of the state court in which the action had been originally begun after the allowance of the amendment, but only the second term of the United States court after the allowance of that amendment.

Held, that as the right to judgment was under a state law, governing the United States court, and as the action had been begun in the state court, 1. That the effect of the amendment was to include Grain in the writ of attachment, with the same effect from the time that the amendment was made as if his name had originally been upon the writ. 2. That the terms should be computed according to those of the state court in which the proceedings had been originally brought, and as this was the third term of that court after the amendment was made, the motion for judgment was not premature.